GREGG A. MARCHAND *v.* MARYANNE SMITH ET AL.
(AC 31915)

Harper, Alvord and Hennessy, Js.

 

Argued November 10, 2010—officially released February 22, 2011

*Gregg A. Marchand*, pro se, the appellant (plaintiff).

*Jeffrey F. Buebendorf*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The self-represented plaintiff, Gregg A. Marchand, appeals from the judgment of the trial court rendered in favor of the defendants Maryanne Smith and the William W. Backus Hospital (hospital)[1] granting their motion for summary judgment. The plaintiff claims that the court improperly determined that his claims were (1) time barred by the applicable statute of limitations and (2) not saved by General Statutes § 52-591[2] or the accidental failure of suit statute, General

---

[1] The plaintiff also named "Jon" and "Jane Does" as defendants, none of whom is a party to this appeal.

[2] General Statutes § 52-591 provides: "When a judgment in favor of a plaintiff suing in a representative character, or for the benefit of third persons, has been reversed, on the ground of a mistake in the complaint or in the proper parties thereto, and, while the action was pending, the time for bringing a new action has expired, the parties for whose special benefit the action was brought may commence a new action in their individual names at any time within one year after the reversal of the judgment, if the original action could have been so brought."

Statutes § 52-592.[3] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On June 12, 2004, the state police confronted the plaintiff while he was staggering beside Route 2 in Ledyard. At some point thereafter, the plaintiff was transported by ambulance to the defendant hospital.

Upon arriving at the hospital, members of the hospital staff concluded that the plaintiff was a danger to himself and to others. The staff then restrained the plaintiff, drew his blood and treated him with Haldol, an antipsychotic medication, and Ativan, a relaxant. Blood tests later revealed that the plaintiff had an elevated blood alcohol level at that time. The plaintiff was discharged from the hospital the following morning, June 13, 2004.

On or about August 2, 2006, the plaintiff brought an action against the hospital in the United States District Court for the District of Connecticut. See *Marchand* v.

---

[3] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

"(d) The provisions of this section shall apply . . . to any action brought to the United States . . . district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court . . . ."

*William W. Backus Hospital,* 561 F. Sup. 2d 258 (D. Conn. 2008). The hospital filed a motion for summary judgment in that case, which the court granted on June 20, 2008. Id.

On July 2, 2009, the plaintiff instituted the present action by filing a four count complaint against the defendants, alleging unlawful restraint, assault and battery, negligent and reckless false imprisonment and intentional infliction of emotional distress. In his complaint, the plaintiff alleged that Smith, a physician, ordered members of the hospital staff to draw his blood and to administer the aforementioned medications.

The civil summons attached to the plaintiff's complaint specifically identifies Smith and the hospital as defendants. The summons also lists several additional defendants whom the plaintiff identifies only as "Jon" and "Jane Does." On July 17, 2009, the defendants filed a motion to dismiss the plaintiff's complaint as it related to these unknown defendants on the ground that the court lacked personal jurisdiction over them, which the court granted on August 31, 2009.

On December 3, 2009, Smith and the hospital filed a motion for summary judgment alleging that there were no genuine issues of material fact and that the plaintiff could not prevail on his claims. Specifically, they alleged that the plaintiff's claims were time barred because, at best, they were subject to the three year statute of limitations applicable to torts, General Statutes § 52-577,[4] and that the plaintiff filed his claims five years after the acts complained of occurred. The plaintiff opposed the motion for summary judgment on the ground that his claims were not time barred pursuant to §§ 52-591 or 52-592.[5]

---

[4] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[5] Contrary to the plaintiff's argument, §§ 52-591 and 52-592 are wholly inapplicable in the present case. See footnotes 2 and 3 of this opinion.

The court, in its January 13, 2010 memorandum of decision granting the motion for summary judgment, determined that the events that form the basis of the plaintiff's complaint occurred on June 12 and 13, 2004. The court then noted that § 52-577 bars intentional tort actions that are not brought within three years of the act complained of, and that General Statutes § 52-584[6] bars actions to recover damages caused by medical malpractice that are not brought within two years of the act, omission or discovery of the injury complained of. The court concluded, therefore, that because there is no genuine issue of fact with respect to the date upon which the events alleged in the complaint took place, the statute of limitations with respect to each of the plaintiff's claims had expired. After examining the record on appeal and considering the briefs and arguments of the parties in regard to the plaintiff's claims, we are persuaded that the judgment of the trial court should be affirmed.

The judgment is affirmed.

---

[6] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician . . . [or] hospital . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."